UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cr-00025-JMS-DKL |
| | ) | |
| ROBERT E. FOX, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**

Presently pending before the Court is Defendant Robert E. Fox's Motion for Judgment of Acquittal. [Filing No. 96.] The Government asks the Court to deny Mr. Fox's motion. [Filing No. 97.] To put the pending motion in context, a brief background of the case is necessary.

The Second Superseding Indictment charges Mr. Fox with two counts of Hobbs Act Robbery pursuant to 18 U.S.C. § 1951(a) (Counts 1 and 3); two counts of Using, Carrying, or Possessing a Firearm During and in Relation to a Crime of Violence pursuant to 18 U.S.C. § 924(c)(1)(A)(ii) (Counts 2 and 4); and one count of Possession of a Firearm by a Prohibited Person pursuant to 18 U.S.C. § 922(g)(1) (Count 5). [Filing No. 66.] These charges stem from an armed robbery at a White Castle on East Shelby Street on July 30, 2014 (Counts 1 and 2); an armed robbery at a Speedway gas station on East Prospect Street on August 5, 2014 (Counts 3 and 4); and Mr. Fox's alleged possession of a firearm as a prohibited person on August 20, 2014 (Count 5). [Filing No. 66.]

The Court held a two-day jury trial on February 16-17, 2016. [Filing No. 88; Filing No. 93.] The jury reached a unanimous guilty verdict on Counts 1 through 4, and the Court entered judgment consistent with that verdict. [Filing No. 90; Filing No. 93.] The Court declared a mistrial

1

on Count 5 because the jury could not reach a unanimous verdict on that charge.  [Filing No. 90; Filing No. 93.]

On March 1, 2016, Mr. Fox filed a Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29.  [Filing No. 96.]  Mr. Fox argues that even viewed in a light most favorable to the Government, the evidence was insufficient to sustain his convictions for Counts 1 through 4 or to convict him on Count 5.  Mr. Fox emphasizes that none of the witnesses at trial identified him as the person who committed the two armed robberies and that the Government did not present DNA or fingerprint evidence linking him to the robberies.  [Filing No. 96 at 2-4.]  Mr. Fox acknowledges that two White Castle employees identified him from a photo array after the robbery, but he contends that those photo arrays were suggestive and not credible evidence.  [Filing No. 96 at 3.]  Mr. Fox emphasizes that the Speedway employee who testified at trial was unable to identify him from a subsequent photo array and that she actually identified someone else in the courtroom as the robber when she testified at trial.  [Filing No. 96 at 3.]  Mr. Fox acknowledges that he made incriminating statements to Detective Challis about his involvement with the robberies and his possession of the handgun found on August 20, 2014, but Mr. Fox contends that those statements should be discounted because they "were inconsistent and were a product of the intimidation and fear Mr. Fox felt" from individuals he identified as Monte and Scrilla.  [Filing No. 96 at 3-4.]

The Government asks the Court to deny Mr. Fox's motion.  [Filing No. 97.]  The Government emphasizes that the evidence presented at trial must be viewed in a light most favorable to the Government and that the jury's credibility determinations and weight given to the evidence must be honored.  [Filing No. 97 at 2.]  The Government points out that Mr. Fox ignores that a witness with whom he was well-acquainted and was present at the traffic stop on August 20,

2014, identified Mr. Fox as the robber from the surveillance footage of the White Castle and Speedway robberies.  [Filing No. 97 at 2.]  The Government contends that Mr. Fox's argument that his confession to Detective Challis was a product of intimidation and fear must be rejected because it does not construe the evidence in a light most favorable to the Government or defer to the jury's credibility determinations.  [Filing No. 97 at 3.]  Finally, the Government contends that the evidence presented with regard to the possession of a firearm by a prohibited person charge (Count 5) would have been sufficient to convict Mr. Fox had the jury done so because he made multiple admissions to Detective Challis regarding the ownership of the firearm and how he came to possess it.  [Filing No. 97 at 3.]

Federal Rule of Criminal Procedure 29 provides that a defendant may move for judgment of acquittal within 14 days after a guilty verdict or after the Court discharges the jury, whichever is later.  It also provides that "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal.  If the jury has failed to return a verdict, the court may enter a judgment of acquittal."  Fed. R. Crim. Pro. 29(c).  In sum, Rule 29 "permits a defendant to move for a judgment of acquittal even after a guilty verdict is entered if he does not believe the evidence is sufficient to sustain a conviction."  United States v. Torres-Chavez, 744 F.3d 988, 993 (7th Cir. 2014).  "When faced with a Rule 29 motion, a court asks 'whether, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).  The Court defers to the credibility determinations of the jury and overturns the verdict "only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt."  Torres-Chaves, 744 F.3d at 993 (citing United States v. Blassingame, 197 F.3d 271, 284 (7th Cir. 1999)).  Given the applicable standard,

3

"[t]he movant faces a nearly insurmountable hurdle." *Torres-Chavez*, 744 F.3d at 993 (citation omitted).

The Court agrees with the Government that sufficient evidence was presented at trial for the jury to find Mr. Fox guilty on Counts 1 through 4. Mr. Fox's motion challenges the sufficiency of the evidence identifying him as the armed robber of the White Castle and Speedway. With regard to the White Castle robbery, two White Castle employees identified Mr. Fox as the robber from a photo array shortly after the crime. The Court rejects Mr. Fox's argument regarding the alleged deficiency of the photo array because he has never challenged its admissibility and his argument regarding the alleged deficiency of the array was made to the jury and rejected. While the Speedway employee did not identify Mr. Fox from a photo array or at trial, that is not surprising because the video surveillance footage shows that Mr. Fox ordered her to lay face down on the ground during the robbery. He also considerably changed his appearance since the time of the robberies, cutting off his shoulder length hair, losing weight, and wearing glasses at trial. Mr. Fox completely ignores the evidence presented at trial from a witness with whom he was well-acquainted identifying Mr. Fox as the robber of the White Castle and Speedway based on surveillance footage of those crimes. Mr. Fox also downplays his confession to Detective Challis by arguing that he feared for his own safety from individuals he identified as Monte and Scrilla and, thus, should not have been believed. This argument impermissibly asks the Court to overturn the jury's credibility determination, which it will not do. Because the Court concludes that sufficient evidence was presented at trial for a rational trier of fact to conclude that Mr. Fox committed the acts with which he was charged in Counts 1 through 4, the Court denies his motion for judgment of acquittal on those counts.

With regard to Count 5, Mr. Fox again challenges his confession to Detective Challis that the firearm at issue was his because that confession was allegedly a "product of intimidation and fear" because of the individuals he identified.  [Filing No. 96 at 4.]  He also emphasizes that the Government did not perform any forensic analysis on the gun "in spite of the fact DNA can often be recovered from guns due to their unsmooth surfaces according to [a] fire arms technician" who testified at trial.  [Filing No. 96 at 4.]  Mr. Fox's arguments on Count 5 are slightly more persuasive because the jury could not reach a unanimous verdict on that count, but Mr. Fox ignores that this result also means that at least some of the jurors wanted to find him guilty on Count 5.  Based on Mr. Fox's confession to Detective Challis, his proximity to the gun when it was found, the testimony of the only other adult occupant of the vehicle that the gun was not hers, and Mr. Fox's stipulation that he was a prohibited person, [Filing No. 89], the Court cannot find that no rational trier of fact could find him guilty of the essential elements of Count 5 beyond a reasonable doubt. *Torres-Chavez,* 744 F.3d at 993.  Thus, the Court denies Mr. Fox's request for judgment of acquittal with respect to Count 5.

For these reasons, the Court **DENIES** Mr. Fox's Motion for Judgment of Acquittal.  [Filing No. 96.]

Date:  March 23, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via CM/ECF:**

Kenneth Lawrence Riggins
Kennethriggins@yahoo.com

Julie L. Smith
PENCE HENSEL LLC
jsmith@pencehensel.com

Matthew J. Lasher
UNITED STATES ATTORNEY'S OFFICE
matthew.lasher@usdoj.gov

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov